UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-20309-Civ-COOKE/GOODMAN**

LEONARDO DAVID TOLEDO,

     Plaintiff,

vs.

VIOSS VISION, INC., VIOSS ELECTRONICS,
INC., and JOSE S. RIVERO,

     Defendants.

_____/

**ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT**

When an employee works more than 40 hours in a week, the Fair Labor Standards Act ("FLSA") requires that employee to be paid at one-and-a-half times their normal rate. *See generally* 29 U.S.C. § 207. If an employer disobeys this rule, the FLSA allows employees to recover unpaid overtime wages plus an equal amount of liquidated damages from the offending employers. 29 U.S.C. § 216. Here, Plaintiff Leonardo David Toledo seeks this very remedy. For over two years, Toledo worked for Defendants, often for more than 40 hours per week. Alleging failure to pay overtime wages, Toledo brings suit against the two companies he worked for and the man who owned them. Before the Court is Toledo's Motion for Summary Judgment. For the reasons explained below, the Court **GRANTS** Toledo's motion.

**BACKGROUND**

Toledo worked for Defendants Vioss Vision and Vioss Electronics (collectively, "the Vioss Companies") from October 22, 2015 until November 17, 2017. Complaint at ¶ 20, ECF No. 1. The Vioss Companies—owned by Defendant Jose Rivero—sell LCD and LED displays, CCTV systems, cell phones, and related electronic products. *Id.* at ¶ 9-10. The Florida Department of Corporations lists only Rivero as an officer of the Vioss Companies.

1

Statement of Undisputed Material Facts For His Motion for Summary Judgment at ¶¶ 1-2, ECF No. 39.

At all relevant times, Rivero assigned projects to Toledo, monitored and managed his activities, and signed his checks. *Id.* at ¶¶ 2-6. Toledo worked 1,080 hours of overtime during his time with the Vioss Companies, earning over eight thousand dollars' worth of unpaid wages. Statement of Claim, ECF No. 10. Yet Defendants did not pay Toledo's legally-required overtime wages. Complaint at ¶ 25.

On January 25, 2018, Toledo filed a one-count Complaint against Rivero and the Vioss Companies seeking unpaid overtime wages. *See Id*. Five weeks after answering the Complaint, Defendants' attorney withdrew from this case. Unopposed Motion to Withdraw as Counsel for Defendants, ECF No. 22. The Court gave the Vioss Companies until May 11, 2018 to find new counsel. *See* Endorsed Order, ECF No. 25; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (1985) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). They did not. *See* Plaintiff's Notice of Non-Appearance of Counsel for the Corporate Defendants, ECF No. 28.

When Toledo moved for a default judgment against the Vioss Companies, the Court ordered the entities to show why Toledo's motion for default should not be granted. Order to Show Cause, ECF No. 35. Again, the Vioss Companies ignored the Court's Order. After the Court entered default judgment against the Vioss Companies, Toledo moved for summary judgment against Rivero, who neglected to respond to the summary judgment motion and disregarded the Court's ensuing show cause Order. *See* ECF No. 43. Given the above, the Court accepts as true the Plaintiff's Statement of Material Facts. *See* S.D. Fla. L.R. 56.1 ("All material facts set forth in the movant's statement...will be deemed admitted unless controverted by the opposing party's statement").

By defaulting, the Vioss Companies "admit[] the plaintiff's well-pleaded allegations of fact, as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). The Vioss Companies liability, then,

has been conclusively established. So the Court turns to whether Rivero is individually liable under the FLSA.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

"A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195

F. App'x 898, 899-900 (11th Cir. 2006) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

When deciding whether summary judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party." *Bush v. Houston County Commission*, 414 F. App'x 264, 266 (11th Cir. 2011).

### DISCUSSION

Because liability has been established against the Vioss Entities by virtue of default, ECF No. 37, the Court considers Rivero's personal liability then turns to damages.

## A. Rivero is an individual employer for purposes of the FLSA.

Once an entity's liability is established, the FLSA's overtime provision allows for liability to extend to certain individuals associated with that entity. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). The individual must first be a corporate officer. *Id.* If they are, the inquiry turns to whether the officer was "involved in the day-to-day operation or [had] some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

Here, Rivero is personally liable. *First*, Rivero was a corporate officer "who had operational control of significant aspects of the corporation's day-to-day functions." *Patel*, 803 F.2d at 638; *see also* Material Facts at ¶ 1. *And second*, Rivero had direct responsibility over Toledo, evidenced by the fact that Rivero assigned projects to Toledo, monitored and managed his activities, and signed his checks. *Id.* at ¶¶ 2-6. All in all, the Court concludes FLSA liability attaches to Rivero personally.

## B. Defendants are jointly and severally for Toledo's unpaid overtime wages.

Toledo asserts Defendants owed him $673.08 for 2015, $4,010.09 for 2016 and $3,554.94 for 2017. *See* Statement of Claim. Because Defendants have not rebutted this, the Court accepts as true Toledo's Statement of Claim and finds Defendants owe Toledo

4

$8,238.11 in unpaid overtime wages coupled with an equal amount of liquidated damages for a total of **$16,476.22**.

### CONCLUSION

In light of the foregoing, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED**. The Court will separately issue a final judgment.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 15th day of January 2019.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*