UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-20309-CIV-COOKE/GOODMAN

LEONARDO DAVID TOLEDO,

    Plaintiff,

v.

VIOSS VISION, INC., *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S RENEWED MOTION
FOR ENTITLEMENT TO AND AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiff Leonardo David Toledo ("Toledo") filed a Renewed Motion for Entitlement to and Award of Attorney's Fees and Costs against Defendants Vioss Vision, Inc., Vioss Electronics, Inc., and Jose S. Rivero (the "Defendants"). [ECF No. 55]. Defendants did not file a response or otherwise oppose the motion, and the time to do so has long expired. United States District Court Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 56]. Toledo requests $12,800 in attorney's fees and $539.61 in costs for this case, which resulted in a final judgment in favor of Toledo. [ECF No. 52]. Toledo's attorney's billing statement is attached to Toledo's motion. [ECF No. 55-1].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in large part** and **deny in part** Toledo's motion and amend the Final

Judgment to include **$12,800 in attorney's fees** and **$515 in costs** ($24.61 less than requested).

I.      FACTUAL AND PROCEDURAL BACKGROUND

This is an action for overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). [ECF No. 1]. Toledo worked for Defendants Vioss Vision and Vioss Electronics (the "Vioss Companies") from October 22, 2015 until November 17, 2017. *Id.* at ¶ 20. Defendant Rivero owns the Vioss Companies. *Id.* at ¶¶ 9-10. During this time, Toledo worked 1,080 hours of overtime, earning more than $8,000 in unpaid wages. [ECF No. 49, p. 2]. Defendants never paid Toledo for his overtime wages. [ECF No. 1, ¶ 25].

Toledo filed this lawsuit on January 25, 2018, seeking the unpaid overtime wages from his work at the Vioss Companies. [ECF No. 1]. After answering the complaint, Defendants' attorney withdrew [ECF No. 22], and the District Court gave Defendants until May 11, 2018 to find new counsel. [ECF No. 25]. Defendants did not timely retain new counsel. [ECF No. 28].

Toledo moved for default judgment against the Vioss Companies [ECF No. 32] and the District Court entered an order requiring the corporate defendants to show why Toledo's motion for default should not be granted [ECF No. 35]. The Vioss Companies failed to respond to the show cause order, and a default was entered against them. [ECF Nos. 33; 37].

Next, Toledo moved for summary judgment against Rivero, and Rivero failed to respond. [ECF Nos. 40; 42; 43]. Summary judgment was entered in favor of Toledo. [ECF No. 49]. Toledo then filed a motion for entry of final judgment, which the District Court granted, awarding Plaintiff $16,476.22 in damages. [ECF Nos. 50; 52].

## II.  REQUEST FOR ATTORNEY'S FEES

A prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the FLSA explicitly provides that the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Therefore, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorneys' fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

Toledo is the prevailing party here because the District Court entered summary judgment and final judgment in his favor. [ECF Nos. 49; 52]. Toledo now requests $12,800 in attorney's fees and $539.61 in costs. [ECF No. 55].

The Undersigned must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is

typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The applicant bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

### A.   Reasonable Hourly Rate

Florida has adopted the federal "lodestar" approach to calculating attorney's fees awards. *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. *Id.* at 1151. The court must separately consider the reasonableness of the hourly rate and the number of hours expended. *Id.* at 1150-51.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the prevailing market rate, the Court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time

constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

Here, the hourly rates of Toledo's attorneys, Brian Pollock and Max Horowitz, are $425 and $250, respectively. [ECF No. 55, p. 8]. Pollock has been admitted to the Florida Bar since 1999 and is the founder of his law firm, the Fair Law Firm, which specializes in employment and labor matters. [ECF No. 55, pp. 5-7]. Pollock's customary rate paid by clients is $450. *Id.* at p. 6. Attorney Max Horowitz is no longer with the Fair Law Firm, but he has been a member of the Florida Bar since 2015 and specializes in employment law. Cynthia Acuna-Nelson's hourly rate is $150. *Id.* at p. 8. She is a certified, bilingual paralegal who has worked primarily on cases involving labor and employment matters for the past five years at the Fair Law Firm. *Id.* at pp. 6-7.

Toledo cites to *Garcia OReilly v. The Art of Freedom, Inc.*, S.D. Fla. Case No.: 17-CV-21251-WILLIAMS/LOUIS, where Magistrate Judge Lauren Louis submitted a Report and Recommendations on December 14, 2018 [D.E. 109], recommending that Pollock receive a rate of $425 per hour and that Acuna-Nelson receive a rate of $150 per hour following a successful FLSA trial. United States District Judge Kathleen Williams adopted the Report and Recommendations [D.E. 112]. [*See* ECF No. 55, p. 7]. Toledo also cites to *Palacio Cruz v. Infante Security Protection, LLC*, S.D. Fla. Case No.: 18-cv-21839-GAYLES, where United States District Judge Darrin Gayles awarded Pollock $500 per hour. *Id.*

Given that Defendants did not respond to the fees motion, they do not object to the hourly rates. Moreover, the Undersigned, using my knowledge and experience as an attorney in South Florida since 1983 and federal magistrate judge in this District since 2010, finds the rates to be reasonable. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees[.]").

### B. Reasonable Hours Expended

First, the Undersigned must evaluate the reasonableness of the total hours expended by Toledo's counsel and exclude compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). Further, the Court must omit those hours that would be unreasonable to bill a client "irrespective of the skill, reputation, or experience of counsel." *Id*.

Toledo is seeking 15.1 hours for work performed by Brian Pollock, 1.5 hours for work performed by Max Horowitz, 11.1 hours for work performed by Cynthia Acuna-Nelson. [ECF Nos. 55, p. 8; 55-1]. Toledo's counsel has waived 1.7 hours of work performed by Jissel Marcos, whose hourly rate is typically $425. [ECF Nos. 55, p. 8; 55-1, p. 11].

The Undersigned has reviewed the billing records and finds that this total amount of hours is reasonable when compared to the number of hours recovered by counsel in similar FLSA cases. *See, e.g., Echavarria v. Am. Valet Parking Mgmt.*, No. 14-CV-80770, 2015

6

WL 12746115, at *1 (S.D. Fla. Aug. 7, 2015) (finding counsel's expenditure of 20.2 hours on FLSA case to be reasonable).

### C. Attorney's Fees Total

The Undersigned finds that Toledo's counsel reasonably expended 27.7 hours (15.1 hours for Pollock, 1.5 hours for Horowitz, and 11.1 hours for Acuna-Nelson) on this case at reasonable rates ($425/hour for Pollock, $250/hour for Horowitz, and $150/hour for Acuna-Nelson). Thus, the Undersigned **recommends** that the District Court award **$12,800** in attorney's fees.

## III. TAXATION OF COSTS

Toledo seeks $539.61 in taxable costs. [ECF No. 55, p. 8]. Specifically, Toledo requests $425 for filing fees and $90 for process server fees. [ECF Nos. 55, p. 8; 55-1, pp. 11-12]. Toledo also seeks $24.61 in non-taxable costs for unspecified postage and/or copying fees. [ECF No. 55-1. pp. 11-12].

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

7

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Nevertheless, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

**First**, the Undersigned **recommends** awarding $425 for the filing fee in this case. This filing fee is reimbursable because it falls within the scope of taxable costs under § 1920(1).

**Second**, the Undersigned **recommends** awarding $90 for service of process on the Defendants. Toledo is requesting $45 for the affidavit of service on Defendant Vioss Electronics and $45 for the affidavit of service on Vioss Vision, Inc. [ECF No. 55-1, p. 11]. This rate is lower than the standard hourly rate that the U.S. Marshal's Service charges for service of process. *See W&O Inc.*, 213 F.3d at 624; *Khoury v. Miami-Dade Cty. Sch. Bd.*, No. 16-20680-CIV, 2018 U.S. Dist. LEXIS 202621, 2018 WL 7150192, at *3 (S.D. Fla. Nov. 28, 2018). Accordingly, the Undersigned **recommends** that Toledo recover $90 in process server fees.

**Third**, the Undersigned does **not recommend** awarding $24.61 in costs for postage. The summary of expenses lists different documents sent to different recipients. [ECF No. 55-1, pp. 11-12]. For example, the summary contains entries such as, "Letter sent to client re-Trial Setting (Engligh & Spanish)"; "Pltf Mtn For Entry Of Default By clerk sent to Def"; "Motion for Attorneys' Fees to Mr. Rivero"; and "Postage: Ltr sent Def re-Pltf Mtn to Compel and DE 54 (Toledo)." *Id.*

Postage costs are not expressly provided for under § 1920 and are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding that costs such as "general copying, computerized legal research, postage, courthouse parking fees . . . are clearly nonrecoverable" under § 1920); *Parrot, Inc. v. NiceStuff Distrib. Int'l*, No. 06-61231-CIV, 2010 U.S. Dist. LEXIS 16128, at *15-16 (S.D. Fla. Feb. 2, 2010) (postage costs not recoverable). Toledo should therefore not recover his postage costs.

If any of these costs are for copying, then the Undersigned does **not recommend** awarding any portion of the $24.61 amount for copying costs. Copying costs are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *W&O, Inc.*, 213 F.3d at 622-23. The party requesting taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994). General copying costs without any accompanying description are not recoverable. *Duckworth*, 97 F.3d at 1399; *see also Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335–36 (S.D. Fla. 2000) (denying

9

copying costs where the prevailing party failed to (1) describe the copies, (2) explain how the copies were related to the case, and (3) justify the reasonableness of the copying rates).

Here, Toledo's motion contains only a two-page summary of the copying costs (if that is what these unspecified costs are for), without more detail. [ECF No. 55-1, pp. 11-12]. For example, the summary contains entries such as, "Pltf Mtn For Entry Of Default Against The Unrepresented Corporate Def doc 30"; and "18-0822 Plaintiff's Notice of No Response to MSJ [ECF No. 42] (Toledo)." No further information is provided to demonstrate how these copying costs were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *W&O, Inc.*, 213 F.3d at 622-23.

### IV.     Conclusion

The Undersigned **respectfully recommends** that the District Court **grant in large part** and **deny in part** Toledo's motion and amend the Final Judgment to include **$12,800 in attorney's fees** and **$515 in costs** ($24.61 less than requested).

### V.      Objections

The parties will have seven days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within seven days of the objection.[1] Failure to timely file objections shall bar the parties from a *de novo*

---

[1] The Undersigned is shortening the time for objections and responses because this Report concerns straightforward fees and costs motions and because the Defendants have not filed any opposition responses.

determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, October 31, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record